Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Craig Davidson;         Plaintiff, v. AFNI, Inc.;         Defendant. | No. **COMPLAINT** (Jury Trial Demanded) |

**I. Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. In the course of attempting to collect a debt, Defendant intentionally engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## III. PARTIES

3. Plaintiff is a resident of Maricopa County, Arizona.
4. Plaintiff is allegedly obligated to pay an alleged debt which was incurred for personal, family, or household purposes.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant AFNI, Inc. is a Delaware corporation, registered to conduct business within the State of Arizona.
7. AFNI is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0904179.
8. AFNI collects or attempts to collect debts owed or asserted to be owed or due another, or which it claims to have acquired after default.
9. AFNI is a "debt collector" as that term is defined by FDCPA § 1692a(6).

## IV. Factual Allegations

10. In or prior to 2013, CenturyLink claimed Plaintiff owed a debt for previous communication services incurred for personal, family or household purposes.
11. Plaintiff resolved the disputed balance, with CenturyLink providing credits to his account bringing it to a zero balance.
12. Thereafter, in or about January 2014, Plaintiff received notice from a

    collection agency collecting for CenturyLink that a debt was allegedly still owed.

13. Plaintiff disputed the debt with CenturyLink and with the collection agency, and the collection account was immediately cancelled.

14. Upon information and belief, thereafter CenturyLink sold the alleged debt to AFNI for collection purposes.

15. In the alternative, upon information and belief, CenturyLink assigned the debt to AFNI for collection purposes.

16. On or about November 23, 2014, AFNI sent Plaintiff a dunning letter concerning the alleged debt originating with CenturyLink. (A copy of the November 23, 2014 letter from AFNI is attached hereto as Exhibit A).

17. In Exhibit A, AFNI states twice on the face of the letter that the "Creditor" is "CENTURYLINK (FORMERLY QWEST)."

18. AFNI also states in the first sentence of Exhibit A that "This account has been placed with our agency for collection."

19. However, on the back side of Exhibit A, AFNI contradicts the prior statement by stating that "Your account has been acquired by Afni, Inc."

20. Upon reading Exhibit A, Plaintiff became confused by these two statements as to whether AFNI actually owned the alleged debt, or was collecting on behalf of CenturyLink.

21. AFNI sent Exhibit A to Plaintiff intending to make Plaintiff believe that it was attempting to collect the alleged debt on behalf of its client, CenturyLink.

22. In the alternative, AFNI sent Exhibit A to Plaintiff intending to make Plaintiff believe that it had acquired the CenturyLink debt, and was collecting it on its own behalf.

23. In Exhibit A, AFNI also threatened to "report information about your account to the credit bureaus."

24. As a result of Defendant's actions as outlined above, Plaintiff has suffered damages including, but not limited to, anxiety, worry, and other emotional distress.

25. Defendant's actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff's rights, and part of Defendant's persistent and routine practice of debt collection.

26. In the alternative, Defendant's actions were negligent.

## V.  Causes of Action

### a. Fair Debt Collection Practices Act

27. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

28. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), 1692g, and 1692g(a)(2).

29. As a direct result and proximate cause of Defendant's actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against

Defendant for:

    a)    Actual damages under the FDCPA;

    b)    Statutory damages under the FDCPA;

    c)    Costs and reasonable attorney's fees pursuant to the FDCPA; and

    d)    Such other relief as may be just and proper.

DATED  December 15, 2014  .

        s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff